IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARGARET A. LOPEZ & WILLIAM )
DIDOMINIC, )
 )
 )
 Plaintiffs, )
 v. ) C.A. No. 07-206 Erie
 ) Judge McLaughlin
CITY OF OIL CITY )
 )
 )
 Defendant. )

**MEMORANDUM OPINION**

McLAUGHLIN, SEAN J., J.

This matter is before the Court upon Defendant's Motion to Dismiss for failure to state a claim pursuant to F.R.C.P. 12(b)(6).

**I. BACKGROUND**

On February 12, 2007, Defendant, the City of Oil City ("Oil City"), enacted Ordinance 2734 (hereinafter "the Ordinance"). In pertinent part, the Ordinance states:

> §166-121. Purpose.
>
> This Chapter is enacted to provide for the uniform and equitable collection of earned income, residence and per capita taxes levied within the City.
>
> §166-122. Reporting requirement.
>
> It shall be the duty of the owner of every rental unit located within the City to prepare and file an annual report with the City Code Office, which shall contain the complete name and address of each person 18 years of age and older who is currently residing in each rental unit owned by the person required to file the report. The owner shall also provide the lease commencement and expiration dates of any tenant at the request of the City Code Office.

1

> §166-123. Supplementation of report.
>
> The report shall be supplemented by the owner of the registered rental unit within 15 days of becoming aware of the arrival of tenants or lessees not previously reported or of the departure of lessees or tenants previously reported.
>
> §166-124. Filing deadlines.
>
> The report, which shall be filed in a form and manner designated by the City, shall be filed not later than 60 days following the effective date of this Article and annually thereafter within the thirty-day period following September 30 of each calender year.
>
> §166-125. Violations and penalties.
>
> Any person who shall violate any of the provisions of this chapter by failing or refusing to timely file the required report within 45 days of the due date thereof shall, upon being found liable in a summary proceeding brought by the City before a District Justice having jurisdiction, be subject to a fine for each such violation of not more than $300, plus all the costs of prosecution and, upon default in timely payment of the fine and costs of prosecution, shall be subject to a period of imprisonment in the Venango County Prison not exceeding thirty (30) days. Each day that a violation shall continue following the initial notice by the City Code Office to such person that such person is in violation of this Article shall constitute a single and separate offense, punishable by a separate fine.

(Complaint, Exhibit A). No similar reporting requirement exists for owner-occupiers of property in Oil City.

Plaintiff Margaret Lopez ("Lopez") is an adult resident of Oil City and landlord of a rental property occupied by Plaintiff William DiDominic ("DiDominic"). DiDominic, in addition to being a tenant of Lopez, is the landlord of another rental property in Oil City. (Complaint ¶¶ 12-13). In their capacities as landlords, both Lopez and DiDominic complied with the Ordinance by filing the requisite Rental Registration/Occupancy Reports. (Complaint ¶ 16).

Lopez and DiDominic assert that the Ordinance facially violates the United States Constitution and the Pennsylvania Constitution and seek relief pursuant to 42 U.S.C. § 1983.[1] In Count One, Plaintiffs contend that the Ordinance violates the Fourteenth Amendment of the Constitution of the United States because it "denies equal protection of the laws, denies due process, is void for vagueness and invades privacy." (Complaint ¶18). Count Two alleges that the Ordinance violates the Fourth Amendment of the U.S. Constitution by authorizing unreasonable searches and seizures. (Complaint ¶ 19). Count Three contends that the Ordinance deprives Plaintiffs of their rights pursuant to Article 1, Section 10, Clause 1 of the U.S. Constitution by impairing the obligations of contracts. (Complaint ¶20). Count Four asserts that the Ordinance violates the Pennsylvania Constitution for the reasons set forth in the previous three Counts. (Complaint ¶ 21). Plaintiffs seek a declaratory judgment declaring the Ordinance unconstitutional and injunctive relief barring Oil City from enforcing the injunction, nominal damages, costs and attorneys' fees.

## II. STANDARD FOR REVIEW

Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief. A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the

---

[1] The Complaint also alleges that the Ordinance is unconstitutional "as applied," but Plaintiffs' counsel conceded at the oral hearing on this motion that no such claim exists:

> The Court: [F]irst of all, this is an as applied and facial challenge, is that right?
> Mr. Hadley: Yes.
> The Court: On the as applied side nothing has happened?
> Mr. Hadley: You know I have to agree with you on that, that was more or less just I wasn't sure what your policies were on amending and changes, but it's pretty much a facial challenge is what we're looking at.

(Transcript, Hearing on Defendant's Motion to Dismiss, January 7, 2008, p. 14).

3

complaint must be accepted as true. Erickson v. Pardus, ___ U.S. ___, ___ 127 S.Ct. 2197, 2200 (2007); Neitzke v. Williams, 490 U.S. 319 (1989); Estelle v. Gamble, 429 U.S. 97 (1976). The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim. Neitzke; Scheuer v. Rhodes, 419 U.S. 232 (1974). As the United States Supreme Court recently held in Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S. Ct. 1955 (May 21, 2007), a complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Id. at ___, 1974 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). The court must accept as true all allegations of the complaint and all reasonable factual inferences must be viewed in the light most favorable to plaintiff. Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3rd Cir. 1985). The Court, however, need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3rd Cir. 2004) (citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3rd Cir. 1997)). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, ___ U.S. ___, 127 S. Ct. at 1965 citing Papasan v. Allain, 478 U.S. 265, 286 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, ___ U.S. ___, 127 S.Ct. at 1965. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at ___, 1974.

In other words, at the motion to dismiss stage, a plaintiff is "required to makes a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469 (February 22, 2008) (quoting Phillips v. County of Allegheny, ___ F.3d ___, 2008 WL 305025, at *5 (3rd Cir. Feb. 5, 2008)). "This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Phillips, 2008 WL 305025, at *6 (quoting Twombly, ___ U.S. at ___, 127 S.Ct. at 1965 n.3).

# III. ANALYSIS

In challenging a municipal ordinance as facially unconstitutional, plaintiff must demonstrate that no set of circumstances exist under which the ordinance could be validly applied. United States v. Salerno, 481 U.S. 739, 745 (1987). Federal courts sitting in judgment of a local municipality's legislative acts owe the municipality a degree of deference in the municipal government's determination of local needs and preferences. Minnesota v. Clover Leaf Creamery Co., 449 U.S. 456, 469 (1981). Local legislative acts enjoy a "presumption of rationality that can only be overcome by a clear showing of arbitrariness and irrationality." Hodel v. Indiana, 452 U.S. 314, 331-332 (1981). With this principles in mind, we address each of Plaintiff's constitutional challenges in turn.

### A. Equal Protection (Count I)

The Equal Protection Clause of the Fourteenth Amendment provides that the State shall not "deny to any person within its jurisdiction the equal protection of the laws." U.S. CONST. amend. XIV, § 1. This clause prohibits state and local governments from creating classifications among groups or individuals that disadvantage a suspect class or impinge upon a fundamental right unless the governmental purpose is narrowly tailored to further a compelling governmental interest. Plyler v. Doe, 457 U.S. 202, 216-17 (1982). Similarly, governments may not create a classification that disadvantages a quasi-suspect class unless the purpose is substantially related to an important government interest. United States v. Virginia, 518 U.S. 515, 533 (1996). Finally, if no suspect or quasi-suspect class is involved and no fundamental right is burdened, a state or local government may create a classification so long as it is rationally related to a legitimate governmental interest. Kimel v. Florida Board of Regents, 528 U.S. 62, 83 (2000).

Landlords and tenants are not members of a suspect class, see, e.g., Lock Haven Property Owners' Ass'n v. City of Lock Haven, 911 F.Supp. 155, 160 (M.D. Pa. 1995), such as to require a

heightened standard of review of the Ordinance. Plaintiffs assert, however, that a heightened standard of review is required because of an alleged infringement on the fundamental right to privacy and to establish a home. (Brief in Opposition, Dkt. #6, p. 12). Specifically, Plaintiffs claim that the Ordinance unconstitutionally burdens one's right to keep private "the activity inside your home," "the right to security in your home," and "the decision with whom you make your home." We disagree.

Contrary to Plaintiffs' contention the Ordinance does not require disclosure of "activity" within the leased residence, only the names of residents. No fundamental associational or other security interest is implicated. Federal courts have routinely refused to apply heightened scrutiny in such situations. See, e.g., Bloomsburg Landlords Ass'n, Inc. v. Town of Bloomsburg, 912 F.Supp. 790, 805 (M.D. Pa. 1995) ("[W]e do not find a basis for concluding that the ordinance per se violated the fundamental constitutional rights of those whose conduct it seeks to regulate such that heightened scrutiny is appropriate on that ground."); Berwick Area Landlord Ass'n v. Borough of Berwick, 2007 WL 2065247 (M.D. Pa. 2007).

The Berwick case is instructive. The ordinance at issue in Berwick sought to:

> Protect and promote the public health, safety of [Berwick's] citizens, to establish rights and obligations of owners and occupants relating to the rental of certain residential units in the Borough of Berwick and to encourage owners and occupants to maintain and improve the quality of rental housing within the community.

Id. at *8. In furtherance of that goal, the ordinance required landlords to:

1) Apply for and obtain a license for each rental unit prior to entering into a rental agreement;
2) Submit a floor plan of the unit;
3) Pay an initial license fee of fifty (50) dollars;
4) Pay an annual license and inspection fee;
5) Register each unit with the Code Enforcement Officer;
6) Provide the names and addresses of the current tenants of each unit;
7) Maintain at each unit a document showing the names of the authorized tenants of the rental unit;
8) Designate a manager who resides within fifteen miles of Berwick;

9) Permit annual inspections of all rental units;
10) Be responsible for regulating the conduct and activities of the occupants of every unit; failure to do so, which results in "fighting, threatening, or other violent or tumultuous behavior," "unreasonable noise", or "creating a hazardous or physically offensive condition" is a violation of the ordinance;
11) Take immediate steps to remedy any violations of the ordinance within ten (10) days after receipt of written notice from the Code Enforcement Officers that an occupant has violated a provision of the ordinance;
12) File a report with the Code Enforcement Officer twenty (20) days after receipt of a notice of a violations notifying the officer of the actions taken to remedy the violation and prevent its recurrence; and
13) Provide a summary of the ordinance obligations imposed on occupants prior to the commencement of the owner-tenant relationship.

Id. Despite this lengthy list of required disclosures, the court determined that a fundamental individual right was not burdened:

> [W]e do not find persuasive the argument that the Amended Ordinance burdens the fundamental right to establish a home and bring up children with respect to tenants. Although we agree that there is a fundamental right to establish a home and bring up children, we do not find that the Amended Ordinance interferes with this right. As we just mentioned, the Amended Ordinance is a comprehensive regulatory scheme for residential rental properties. It does not explicitly or effectively ban all residential properties. Therefore, we find that it does not burden the fundamental right to establish a home and bring up children.

Id. For the same reasons, we apply the rational basis test to each of Plaintiffs' Fourteenth Amendment claims.

The stated purpose of the Ordinance is to "provide for the uniform and equitable collection of earned income, residence, and per capita taxes levied within the City." (Complaint, Ex. A). Plaintiffs concede that the collection of taxes is a legitimate governmental interest but contend that tenants are being unfairly singled out by the Ordinance. (See Transcript, p. 11). As the Defendant points out, the identity of private property owners is already available through various property records and tax forms filed with the city. In contrast, the identity of tenants who are subject to per capita and income taxes is often difficult to determine. The Ordinance seeks information to identify

those, who in some circumstances, might otherwise be "below the tax radar." We view the Ordinance as rationally related to its previously stated purpose.[2]

### B. Due Process/Right to Privacy (Count I)

The Due Process clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law." The United States Supreme Court has held that this clause contains both a substantive and procedural component. Planned Parenthood of S.E. Pennsylvania v. Casey, 505 U.S. 833, 846-47 (1992). The substantive component bars states from infringing upon fundamental rights that are deeply rooted in history and tradition unless the infringement is narrowly tailored to serve a compelling state interest. Washington v. Glucksberg, 521 U.S. 702, 721 (1997). When fundamental rights are not implicated or infringed, state statutes and local ordinances are reviewed under a rational basis test and upheld if they bear some rational relation to some legitimate governmental purpose. Vacco v. Quill, 521 U.S. 793, 799 (1997). As noted above, no fundamental right is infringed by the Ordinance and, therefore, we apply the rational basis test to Plaintiffs' claims.

When applying the rational basis test to a local statute or ordinance, there is a presumption that the statute or ordinance is valid. Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 440 (1985). We are not limited to considering only the goal of the ordinance stated by the legislature, but are

---

[2] Equal protection claims against similar, and often more onerous ordinances, have been rejected by district courts in the Third Circuit. Berwick, 2007 WL at *8 ("[T]he registration requirement imposed on tenants bears a rational relation to [protecting and promoting the public health] because by knowing the identity of the tenant of a particular rental unit, it becomes much easier to enforce the Amended Ordinance on that tenant."); Bloomsburg, 912 F.Supp. at 805 (finding that an ordinance requiring landlords to include certain restrictive clauses in all lease agreements is rationally related to the intended purpose of controlling disruptive conduct by tenants); Ewing Citizens for Civil Rights, Inc. v. Township of Ewing, 2007 WL 2065832 (D.N.J. 2007) (upholding an ordinance requiring all residential units to register and be subject to annual inspection as rationally related to goal of preventing overcrowding, unsafe living conditions, and excessive noise).

"free to consider any conceivable legislative purpose so long as it reasonably could have been entertained by the legislature." Ramsgate Court Townhome Ass'n v. West Chester Borough, 313 F.3d 157, 160 (3rd Cir. 2002) (citing Delaware River Basin Comm'n v. Bucks County Water & Sewer Auth., 641 F.2d 1087, 1096 (3rd Cir. 1981)).

Plaintiffs argue that the Ordinance violates their right to privacy by requiring them to disclose the names and addresses of their tenants. We acknowledge that individuals do have a privacy interest in their names and addresses. See Paul P. v. Verniero, 170 F.3d 396, 404 (3rd Cir. 1999) (noting that disclosure of home addresses implicated individual's privacy interest). However, with respect to an individual's privacy interest in avoiding disclosure of personal matters, it is necessary to balance the individual's right to privacy with the public interest in disclosure. Trade Waste Management Ass'n Inc. v. Hughey, 780 F.2d 221, 234 (3rd Cir. 1985) ("Disclosure may be required if the government interest in disclosure outweighs the individual's privacy interest.").

As an initial matter, we note that it is only the names and addresses of *tenants* that the Ordinance requires be disclosed. Thus, in their capacities as landlords, Plaintiffs' privacy claims fail. As the court concluded in Berwick:

> The requirement that owners provide the names of current tenants, inform Berwick of any new tenants, and maintain documents in each rental unit that contains the names of the current tenants, does not violate the owner or renters' privacy rights. *We do not believe that owners have a privacy interest in their tenants' names*.

Berwick, 2007 WL 2065247 at *11 (emphasis added).

Moreover, even if Plaintiffs could assert a privacy right on behalf of their tenants, such claim would still fail. The infringement upon the privacy interest here is minimal, consisting only of the disclosure of names, addresses and residency dates for the narrow and exclusive purpose of assisting with the collection of taxes. Berwick, 2007 WL at *11 ("[T]he infringement upon the privacy interest is extremely minimal because it is used for such a narrow purpose."). Indeed, unlike the ordinance upheld in Berwick, Ordinance 2734 does not permit invasive procedures such as mandatory inspections, registration of all rental units, and the submission of floor plans. Moreover,

9

as discussed above, the collection of taxes is an important public interest that outweighs any minimal privacy intrusions created by the Ordinance. Id.

### C. Due Process/Void for Vagueness (Count I)

The Due Process clause of the United States Constitution requires that a statute or regulation not be written in such vague terms that persons of common intelligence would have to guess at its meaning or would differ in its application. Zwickler v. Koota, 389 U.S. 241, 248 (1967). The purpose of this doctrine is to give individuals a reasonable opportunity to know what is prohibited or required and to ensure fair and non-discriminatory application of the law. Grayned v. City of Rockford, 408 U.S. 104, 108-09 (1972). Yet, the degree of vagueness allowed under the Constitution differs based on the type of statute. Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489, 498 (1982); Ashton v. Kentucky, 384 U.S. 195, 200 (1966). Civil statutes that do not impact First Amendment rights, as opposed to criminal statutes or civil statutes that do affect First Amendment rights, allow for greater tolerance because "the consequences of imprecision are qualitatively less severe." Village of Hoffman, 455 U.S. at 498.

In instances where, as here, an ordinance is attacked as *facially* invalid on vagueness grounds, a court "should uphold the challenge only if the enactment is impermissibly vague in *all* of its applications." Village of Hoffman, 455 U.S. at 495 (emphasis added). "The rationale is evident: to sustain such a challenge, the complainant must prove that the enactment is vague 'not in the sense that it requires a person to conform his conduct to an imprecise but comprehensible normative standard, but rather in the sense that no standard of conduct is specified at all.'" Village of Hoffman, 455 U.S. at 495 (quoting Coates v. City of Cincinnati, 402 U.S. 611, 614 (1971)). A law that might appear vague at first glance may withstand a constitutional challenge if its meaning has been narrowed by judicial interpretation, custom, or common and approved usage. See, e. g., Parker v. Levy, 417 U.S. 733 (1974); Smith v. Goguen, 415 U.S. 566 (1973).

Plaintiffs contend that the Ordinance is impermissibly vague because it fails to define the term "residing" in the following provision:

> It shall be the duty of the owner of every rental unit located within the City to prepare and file an annual report with the City Code Office, which shall contain the complete name and address of each person 18 years of age and older who is currently **residing** in each rental unit owned by the person required to file the report.

(Complaint, Ex. A) (emphasis added). Plaintiffs suggest that there is no way for a landlord to know who constitutes a "resident" for purposes of compliance with the Ordinance:

> The Court: In this case the statute is clear, isn't it, as to what is required of a tenant or landlord?
>
> Mr. Hadley: As I wrote in the last few pages of the brief, resident is an undefined term. Does an overnight guest count as a resident. When does someone become a resident. It really should have been defined in there and it's not a defined term. Tenant is defined.

(Transcript, p. 16).

Webster's Dictionary defines a "resident" as "[s]omeone who lives at a particular place for a prolonged period." We believe that a common sense reading of the Ordinance would lead a reasonable landlord to conclude that the term "resident" refers to those who have taken up permanent residence in the rental unit as opposed to the overnight guest or other transitory visitors. We conclude for the reasons discussed above that the Ordinance is not unconstitutionally vague.

### D. Fourth Amendment Search and Seizure (Count II)

The Fourth Amendment provides that the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated . . .". The purpose of this amendment is to "safeguard the privacy and security of individuals against arbitrary invasions by governmental officials." Camara v. Municipal Court, 387 U.S. 523, 528 (1967). In order for a governmental intrusion to constitute a "search," an individual must have a "reasonable expectation of privacy." Katz v. United States, 389 U.S. 347, 360 (1967). To determine

whether an individual has a reasonable expectation of privacy, the court must determine whether the individual had a subjective expectation of privacy and whether that expectation was objectively reasonable. Smith v. Maryland, 442 U.S. 735, 740 (1979) (citing Katz, 389 U.S. at 351, 361).

The Complaint does not allege any facts supporting Plaintiffs assertion that the Ordinance subjects landlords or tenants to an illegal search and seizure. Similarly, while Plaintiffs' brief in opposition invokes the broad and accurate proposition that the Fourth Amendment protects persons from unwarranted governmental intrusion into their homes, it does not specifically address how the Ordinance violates the Fourth Amendment. Plaintiffs' lone explication of this claim took place during the oral hearing, where the following exchange took place:

> The Court: The Fourth Amendment requires a seizure, what seizure takes place under this ordinance?
>
> Mr. Hadley: Well –
>
> The Court: Actually, it requires more than that, it requires an unreasonable search and seizure?
>
> Mr. Hadley: And it guarantees security [sic] of home.
>
> The Court: That's right, it guarantees security so that there is not an unreasonable search and seizure.
>
> Mr. Hadley: A seizure of the residents of the home is taking –
>
> The Court: How is the home seized by virtue of simply giving the taxing authorities your name?
>
> Mr. Hadley: What we have, we have the right to live with some anonymity in our affairs. The affairs are being, in essence, seized because you're required to turn over everyone you're living with. The right to be free in my home from the requirement to turn over who I'm living with and where people make their home is what is being seized here.

(Transcript, p. 13). We fail to see how any Fourth Amendment right is implicated. The requirement that the landlord submit a list of tenant names and addresses does not constitute a "search" or "seizure."

### E.     Impairment of Contracts (Count III)

The United States Constitution provides, in relevant part, that "[n]o state shall enter into any ... Law impairing the Obligation of Contracts." U.S. Const. art. I, § 10. In order to prove a violation of this constitutional provision, a plaintiff must demonstrate that a "change in state law has 'operated as a substantial impairment of a contractual relationship.' " General Motors Corp. v. Romein, 503 U.S. 181, 186 (1992) (quoting Allied Structural Steel Co. v. Spannaus, 438 U.S. 234, 244 (1978)). Thus, Contract Clause analysis requires three threshold inquiries: (1) whether there is a contractual relationship; (2) whether a change in a law has impaired that contractual relationship; and (3) whether the impairment is substantial. See Romein, 503 U.S. at 186. If it is determined that a substantial impairment of a contractual relationship has occurred, the court must further inquire whether the law at issue has a legitimate and important public purpose and whether the adjustment of the rights of the parties to the contractual relationship was reasonable and appropriate in light of that purpose. See Allied Structural Steel Co., 438 U.S. at 242-44 (1978); Nieves v. Hess Oil Virgin Islands Corp., 819 F.2d 1237, 1243 (3rd Cir.1987). If the impaired contractual relationship is between private parties, the court will defer to the legislative judgment concerning the importance of the public purpose and the manner in which that purpose is being pursued. See Energy Reserves Group, Inc. v. Kansas Power & Light Co., 459 U.S. 400, 412-13 (1983).

Plaintiffs contend in their brief[3] that the Ordinance impairs existing contractual relationships in the following manner with regards to landlords:

> The Plaintiff/landlords in this case entered into contractual obligations for a fixed monthly price. At the time the contracts were entered into Ordinance 2734 did not exist. The Plaintiff/landlords did not include in their asking price the additional efforts and paperwork now required by Ordinance 2734. The Plaintiff/landlords are now in the position of performing substantial additional work for no compensation.

---

[3]   As with each of Plaintiffs' claims, there are no facts alleged in the Complaint to support this argument.

(Brief in Opposition, pp. 20-21). Plaintiffs also contend that the Ordinance affects the contractual rights of tenants:

> The Plaintiff/tenant in this case entered into contractual obligations with no expectation that Ordinance 2734 would become law. Knowing that your privacy rights would be obliterated by the City of Oil City would certainly substantially reduce the amount of money any tenant would be willing to pay in monthly rent - if they would be willing to live in Oil City at all.

(Id. at 21).

This argument fails for several reasons. First, neither Plaintiff in this case has alleged that he or she has been forced as a landlord to charge additional rent or that, as a tenant, they sought a reduced rent rate because of the Ordinance. Secondly, we find that the effort required to fill out the form disclosing the tenants is so minimal that it could not, as a matter of law, impair the contractual relationship, much less substantially so. Romein, 503 U.S. at 186. Similarly, as we have held, *supra*, the disclosure of names and addresses of tenants does not unreasonably impinge upon privacy rights of tenants.

Moreover, even if Plaintiffs could demonstrate that the Ordinance substantially impaired existing contractual relationships (which they cannot), we would nevertheless conclude that the Ordinance has a "legitimate and important public purpose" and that the "adjustment of the rights of the parties to the contractual relationship was reasonable and appropriate in light of that purpose." See Allied Structural Steel Co., 438 U.S. at 242-44. Clearly it is.

### F. State Law Claims

Having dismissed all claims which provide an independent basis for federal jurisdiction, we decline to exercise jurisdiction over Plaintiffs' state law claims. Markowitz v. Northeast Land Col., 906 F.2d 100, 106 (3rd Cir. 1990); Berwick, 2007 WL 2065247 at *12.

### IV. CONCLUSION

For the reasons stated above, the City of Oil City's Motion to Dismiss for failure to state a claim is GRANTED.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARGARET A. LOPEZ & WILLIAM DIDOMINIC, | ) ) ) ) | |
| Plaintiffs, | ) | |
| v. | ) ) | C.A. No. 07-206 Erie<br>Judge McLaughlin |
| CITY OF OIL CITY | ) ) ) | |
| Defendant. | ) | |

## ORDER

AND NOW, this 31st day of March, 2008, and for the reasons set forth in the accompanying Memorandum Opinion,

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss for failure to state a claim is GRANTED. Judgment is hereby entered in favor of Defendant and against Plaintiffs.

                                                                      /s/ Sean J. McLaughlin
                                                                      United States District Judge

cm: All parties of record. ___